UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JED HORWITT, ESQ., AS RECEIVER FOR SENTINEL GROWTH FUND MANAGEMENT, LLC, RADAR ALTERNATIVE FUND LP, and RADAR ALTERNATIVE MASTER FUND SPC <br><br> Plaintiff, <br><br> v. <br><br> ALAN L. SARROFF, A.L. SARROFF MANAGEMENT, LLC, AND A.L. SARROFF FUND, LLC, <br><br> Defendants. | Civil Action No. 3:17-CV-01902-VAB |

## JOINT MOTION FOR STATUS CONFERENCE

Plaintiff, Jed Horwitt, Esq., in his capacity as Court-appointed Receiver for Sentinel, Radar LP and Radar SPC, by and through his undersigned counsel, together with Defendants Sarroff Management, Sarroff Fund and Alan L. Sarroff, by and through their undersigned counsel, hereby move this Court to schedule a status conference regarding the discovery issues described below. Plaintiff seeks (on consent) permission to submit briefs on these matters not to exceed ten (10) pages before the status-conference. In support thereof, the parties state as follows:[1]

### NATURE OF DISPUTE

1. The parties presume the Court's familiarity with the general nature of this action.

2. Subject to certain exceptions carved out by the Court, the Discovery Bar Date set forth in the Amended Scheduling Order was September 6, 2019. (Doc. No. 81).

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in prior motion practice.

3. On August 27, 2019, the Court entered an Order modifying the Amended Scheduling Order (the "August 27 Modification") to permit the parties until September 20, 2019 to assert whatever rights they had as of August 22, 2019 with respect to Plaintiff's July 25, 2019 Rule 30(b)(6) Deposition Notices (the "30(b)(6) Notices") directed to Sarroff Management and the Sarroff Fund (the "Sarroff Entities"). (Doc. No. 152). The Court subsequently extended the September 20 deadline until September 27. (Doc. No. 159). The purpose of the August 27 Modification was to allow Plaintiff an opportunity to serve the Sarroff Entities with written interrogatories to be answered in writing, under oath, subject to the Sarroff Entities' right to assert objections thereto, in an attempt to resolve the parties' dispute over the 30(b)(6) Notices without the need for additional depositions or further judicial intervention.

4. The process undertaken by the parties has narrowed the issues that otherwise would have been addressed at depositions or presented to the Court, but despite the parties' good faith efforts they have not been able to reach a complete resolution. Plaintiff, therefore, wishes to proceed with the 30(b)(6) depositions and Defendants wish to move for a protective order, if necessary, with respect thereto.

5. Plaintiff also seeks to compel Defendants to produce certain documents concerning specified issues and answer certain interrogatories and requests for admission to which Defendants timely objected. Each of these issues are relatively discreet in nature and the parties request permission to detail their positions with respect thereto in their individual submissions pursuant to the Court's Pre-Trial Preferences or as the Court otherwise directs.

6. Last, Defendants seek to compel Plaintiff to produce all email communications between Mr. Varacchi and Mr. Rhodes that are in Plaintiff's possession. Plaintiff contends that Defendants' request is overly broad and it would be unduly burdensome to comply with the request.

7. The parties represent that they have met and conferred in good faith to discuss a resolution of these issues but they are unable to reach an agreement.

## ISSUES FOR RESOLUTION

(1) Whether Plaintiff may take Rule 30(b)(6) depositions of the Sarroff Entities.

(2) Whether Defendants are required to provide additional documents and answer particular interrogatories and requests for admission to be specified in the parties' written submissions.

(3) Whether Plaintiff is required to produce all emails in its possession between Mr. Varacchi and Mr. Rhodes.

## MOVANTS' AVAILABILITY FOR A STATUS CONFERENCE

With the exception of after 2 pm on Thursday, October 3, 2019, the Receiver's counsel can be available for a status conference at the Court's convenience.

The Defendants' counsel can be available for a status conference at the Court's convenience.

Dated this 27th day of September, 2019.

Respectfully submitted,

| | |
|---|---|
| **JED HORWITT, ESQ., RECEIVER** | **LAX & NEVILLE LLP** |
| By: */s/* <br> Stephen M. Kindseth (ct14640) <br> Aaron A. Romney (ct28144) <br> Zeisler & Zeisler, P.C <br> 10 Middle Street, 15th Floor <br> Bridgeport, CT 06604 <br> Telephone: 203-368-4234 <br> Facsimile: 203-549-0872 <br><br> *His Attorneys* | By: */s/* <br> Barry R Lax, Esq. <br> Mary Grace White, Esq. <br> 350 5th Avenue, Suite 4640 <br> New York, NY 10118 <br> Telephone: (212) 696-1999 <br><br> *Attorneys for Alan L. Sarroff, A.L. Sarroff Management, LLC and A.L. Sarroff Fund, LLC* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of September, 2019, the foregoing was served electronically on all registered e-filers in this case by operation of the Court's electronic filing system.

Dated, this 27th day of September, 2019.

                                                            By: */s/ Barry R Lax*
                                                                Barry R. Lax